Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| AKOSUA AKYAAMAA, | **No.:** 07 cv 8437 (DAB) |
| Plaintiff, | **ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.** |
| -against- |  |
| MERCK AND COMPANY, INC., |  |
| Defendant. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Merck & Co., Inc. ("Merck"), incorrectly named as Merck and

Company, Inc., answers the Complaint ("Complaint") herein as follows:

### RESPONSE TO "PARTIES IN THIS COMPLAINT"

1.    Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph A of the "Parties in This Complaint"

section of the Complaint except admits, upon information and belief, that Plaintiff is a

resident of the State of New York.

2.    Denies each and every allegation contained in paragraph B of the "Parties in

This Complaint" section of the Complaint except admits that Merck is a New Jersey

Corporation with its principal place of business at One Merck Drive, Whitehouse Station,

New Jersey.

## RESPONSE TO "BASIS FOR JURISDICTION"

3.　　Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph A of the "Basis for Jurisdiction" section of the Complaint except admits there is diversity between the parties.

4.　　Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph C of the "Basis for Jurisdiction" section of the Complaint except admits, on information and belief, that plaintiff is a citizen of New York and that Merck is a citizen of New Jersey and that there is diversity between the parties.

## RESPONSE TO "STATEMENT OF CLAIM"

5.　　Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph A of the "Statement of Claim" section of the Complaint.

6.　　Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph B of the "Statement of Claim" section of the Complaint.

7.　　Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph C of the "Statement of Claim" section of the Complaint.

## RESPONSE TO "INJURIES"

8.　　Denies each and every allegation contained in the "Injuries" section of the Complaint.

## RESPONSE TO "RELIEF"

8.      Denies each and every allegation contained in subsection 1 of the "Relief" section of the Complaint except admits that Plaintiff purports to bring an action for certain damages but denies that there is any legal or factual basis for relief.

9.      Denies each and every allegation contained in subsection 2 of the "Relief" section of the Complaint.

10.     Denies each and every allegation contained in subsection 3 of the "Relief" section of the Complaint except admits that Plaintiff purports to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

11.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and statutes of repose and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

12.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

13.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

14.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

15.    Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

16.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries or losses were cause in whole or in part through the

operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

17.    To the extent that Plaintiff asserts claims based on Merck's adherence to and

compliance with applicable federal laws, regulations and rules, such claims are

preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

18.    To the extent that Plaintiff asserts claims based upon an alleged failure by

Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such

claims are barred under the learned intermediary doctrine because Merck has discharged

its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

19.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such

injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of,

administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

20.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

21.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

22.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

23.    To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

24.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

25.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

26.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

27.     Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

28.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

29.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

30.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

31.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

32.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

33.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

34.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

35.     The claims of Plaintiff are barred, in whole or in part, by their failure to mitigate damages.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

36.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

37.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

38.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

39.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

40.    Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

41.    To the extent that Plaintiff seeks exemplary or punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

42.    To the extent that Plaintiff seeks exemplary or punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of exemplary or punitive damages is barred.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

43.    Plaintiff's demand for exemplary or punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

44.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

45.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

46.    Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

47.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

48.    Plaintiff's claims are barred by the doctrine of contributory negligence.


Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

DATED:        New York, New York
              October 11, 2007

                                Respectfully submitted,

                                HUGHES HUBBARD & REED LLP

                                By: _Vilia B. Hayes_____
                                    Theodore V. H. Mayer
                                    Vilia B. Hayes
                                    Robb W. Patryk

                                One Battery Park Plaza
                                New York, New York 10004-1482
                                (212) 837-6000

                                *Attorneys for Defendant Merck & Co., Inc.*